IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRISTOPHER EMANUEL HAIGH, | CIV. NO. 17-00582 JMS-KSC |
|---|---|
| Plaintiff, | ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND (2) DENYING MOTION FOR ATTORNEY'S FEES UNDER HRS § 607-14.5, ECF NOS. 11, 13 |
| vs. | |
| AIDA ABUELIZAM, RAIDA ABUELIZAM a/k/a RAIDA ABUIZAM, KAREN J. BOWES, RONNIE ZANAYED, STEPHEN WITTENBERG, | |
| Defendants. | |

## ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND (2) DENYING MOTION FOR ATTORNEY'S FEES UNDER HRS § 607-14.5, ECF NOS. 11, 13

### I. INTRODUCTION

On December 5, 2017, pro se Plaintiff Christopher Emanuel Haigh ("Plaintiff") filed a Complaint asserting state-law claims arising from underlying and highly contentious divorce, custody, and disbarment proceedings in Illinois and Indiana. Plaintiff names as Defendants his ex-wife Aida Abuelizam, ("Abuelizam" or "A. Haigh");[1] his ex-mother-in-law Raida Abuelizam a/k/a Raida Abuizam ("Abuizam"); Karen Bowes ("Bowes"), Plaintiff's minor daughter's representative in the underlying divorce; Ronnie Zanayed ("Zanayed"),

---

[1] Aida states that her "legal name remains Aida Haigh, not Aida Abuelizam." A. Haigh Decl. ¶ 3, ECF No. 11-7 at PageID# 204.

Abuelizam's counsel in the underlying custody dispute; and Steven[2] Wittenberg ("Wittenberg"), Abuelizam's former counsel in the custody dispute (collectively, "Defendants"). Compl. at 1-3; A. Haigh Decl. ¶¶ 14, 22, 28, ECF No. 11-7 at PageID # 207, 209, 211; Abuizam Decl. ¶ 7 ECF No. 11-11.

Before the court are two Motions to Dismiss for lack of personal jurisdiction, one on behalf of Abuelizam and Abuizam, which also seeks an award of attorney's fees pursuant to Hawaii Revised Statutes ("HRS") § 607-14.5; and the other on behalf of Bowes. ECF Nos. 11, 13. For the reasons set forth below, the Motions to Dismiss are GRANTED, and the Motion for Attorney's Fees is DENIED.

## II. **BACKGROUND**

**A.     Factual Background**

This action follows a series of disputes between Plaintiff and Defendants that began when Plaintiff lived in Illinois. As of March 2016, Plaintiff had moved to Hawaii.[3] With the exception of this action, all legal proceedings referenced in this action between Plaintiff and some or all Defendants occurred in

---

[2] Although the caption spells Wittenberg's first name as "Stephen," the correct spelling is "Steven." *See* A. Haigh Decl. ¶ 22.

[3] Plaintiff states that he resided in Hawaii in early March 2016. Haigh Decl. ¶ 19, ECF No. 23. Abuelizam states that Plaintiff moved to Hawaii sometime in early January or February 2016. A. Haigh Decl. ¶¶ 8, 15, ECF No. 11-7 at 2, 4.

Illinois or Indiana courts. And although the Complaint and briefing on the instant Motions include details related to those legal proceedings and other disputes between the parties, that history need not be repeated in detail here. Thus, the court sets forth only those facts necessary to determine the instant Motions.

As alleged in the Complaint,[4] Plaintiff and Abuelizam have waged "an extremely contentious divorce and custody battle," in the "Circuit Court of Cook County, Illinois for over six years." Compl. ¶¶ 16, 23. In addition, at some point Abuelizam allegedly gave false and misleading documents and testimony to the Indiana Supreme Court Disciplinary Commission, resulting in Plaintiff being "disbarred from the practice of law in Indiana." *Id.* ¶¶ 26, 27, 189-90, 192, 194, 203, 235, 243. Plaintiff now resides in Hawaii, Defendants Abuelizam and Abuizam are citizens of and reside in Indiana, and Defendants Zanayed, Bowes, and Wittenberg are citizens of and reside in Illinois. *Id.* ¶¶ 4-15.

In the course of these underlying proceedings, and thereafter, Defendants allegedly have engaged in multiple actions intended to harm Plaintiff. *Id.* ¶ 18. The Complaint is rife with allegations of misrepresentations by Defendants in connection with those proceedings that resulted in financial harm to

---

[4] For purposes of a motion to dismiss for lack of personal jurisdiction, the court construes the Complaint's factual allegations as true. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

Plaintiff, his loss of primary custody of his minor daughter, and interference with Plaintiff's relationship with his daughter.

For example, on March 18, 2016, Abuelizam and Abuizam allegedly prevented Plaintiff from picking up his daughter from school in Illinois to begin court-ordered visitation with Plaintiff in Hawaii during the daughter's spring break. *Id.* ¶¶ 274-91. This resulted in Plaintiff and his daughter missing their flight to Hawaii, Plaintiff expending more money to stay an extra night in Illinois and to purchase new airline tickets, and Plaintiff and his daughter spending less time together in Hawaii. *Id.* ¶¶ 292-95.

In addition, Abuelizam used Hawaii police officers to "serve[] a subpoena on Dr. Espiritu," Plaintiff's current wife, in an alleged effort to threaten Plaintiff's relationship with Dr. Espiritu and push Plaintiff to accept Defendants' offers to settle the underlying disputes. *Id.* ¶¶ 20, 30-32; Pl.'s Opp'n at 9-10, ECF No. 22.

The Complaint alleges that in her capacity as representative for Plaintiff's daughter in the underlying divorce, Bowes made false statements to the court in Illinois and concurred with false statements by Abuelizam, resulting in Plaintiff losing custody, being limited to supervised visitation with his daughter, and incurring higher financial costs and debt. *Id.* ¶¶ 74-75, 100-07. During the

time Bowes represented Plaintiff's daughter, Bowes was employed by the law firm Rinella and Rinella Ltd., and later, as a solo practitioner.  *See* Haigh Decl. ¶ 24, ECF No. 23; Bowes Decl. ¶ 3, ECF No. 25-1.  Rinella and Rinella has continued to attempt to collect from Plaintiff outstanding fees owed for work performed by Bowes.  *See* Haigh Decl. ¶ 25, ECF No. 23; Pl.'s Ex. B, ECF No. 23-2.  To be clear, all of these court proceedings took place in Illinois.

Based on these and numerous additional allegations, the Complaint asserts state-law tort claims for conspiracy to commit fraud, fraud, abuse of process, intentional infliction of emotional distress, and alienation of affection.  *Id.* ¶¶ 52-301.  The Complaint also asserts a violation of Illinois criminal law, 720 Illinois Compiled Statutes 5/10-5.5, for alienation of affection and conspiracy to abuse Plaintiff's allotted time with his daughter.  *Id.* ¶¶ 270-301.

**B.     Procedural Background**

Plaintiff filed his Complaint on December 5, 2017.  ECF No.1.  On January 12, 2018, Defendants Abuelizam and Abuizam filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and for attorney's fees pursuant to HRS § 607-14.5.  ECF No. 11.  On January 25, 2018, Defendant Bowes filed a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction.  ECF No. 13.  On March 5, 2018, Plaintiff filed

separate Oppositions to each Motion and a Declaration. ECF Nos. 21-23. Replies were filed on March 19, 2018. ECF Nos. 24-25. The Motions were heard on April 2, 2018.[5]

### III. STANDARDS OF REVIEW

**A.     Rule 12(b)(2)**

A motion to dismiss for lack of personal jurisdiction is governed by Rule 12(b)(2). In opposing a defendant's Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In the absence of an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 800); *see Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When considering a Rule 12(b)(2) motion, undisputed "allegations in the complaint are deemed true, and factual disputes are to be resolved in favor of the non-moving party." *Morrill*, 873 F.3d at 1141 (citation omitted).

---

[5] During the hearing, Plaintiff confirmed that he has not yet served Defendants Zanayed and Wittenberg.

## B. Personal Jurisdiction Standard

To establish personal jurisdiction over an out-of-state defendant, a plaintiff must show that the forum state's long-arm statute confers jurisdiction and that the exercise of that jurisdiction accords with federal constitutional due process principles. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014); *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Hawaii's long-arm statute, HRS § 634-35, reaches to the full extent permitted by the Constitution. *Cowan v. First Ins. Co.*, 61 Haw. 644, 649 n.4, 608 P.2d 394, 399 n.4 (1980). Thus, the court need only decide whether the exercise of personal jurisdiction comports with federal constitutional due process principles. *See Morrill*, 873 F.3d at 1141; *Schwarzenegger*, 374 F.3d at 801.

For due process to be satisfied, an out-of-state defendant must "have certain minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Minimum contacts exist where a defendant has "continuous and

systematic general business contact" with a forum state (general jurisdiction), or where a defendant has "sufficient contacts arising from or related to specific transactions or activities" in the forum state (specific jurisdiction). *Morrill*, 873 F.3d at 1142 (citing *Schwarzenegger*, 374 F.3d at 800-02).

## IV. **DISCUSSION**

A. **Specific Jurisdiction Legal Framework**[6]

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation and quotation marks omitted). A plaintiff cannot unilaterally create specific jurisdiction; rather, the required relationship between a defendant and the forum state "must arise out of contacts that the defendant *himself* creates with the forum State," and "not the defendant's contacts with persons who reside there." *Id.* at 1122. That is, "the plaintiff cannot be the only link between the defendant and the forum." *Id.*; *see Kulko v. Superior Court of Cal., City & Cty. of S.F.*, 436 U.S. 84, 93 (1978) (declining to "find personal jurisdiction in a State . . . merely because [the plaintiff in a child support action] was residing there").

---

[6] Plaintiff does not assert that Abuelizam's, Abuizam's, or Bowes' contacts with Hawaii are so substantial, continuous, and systematic to permit the exercise of general jurisdiction. The court therefore limits its discussion to the exercise of specific jurisdiction.

8

The Ninth Circuit applies a three-part test to determine whether a defendant has sufficient "minimum contacts" to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities . . . with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Morrill*, 873 F.3d at 1142 (quoting *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of satisfying the first two requirements of this test. *Id.* If the plaintiff succeeds, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (citation and quotation marks omitted). To establish the first prong — purposeful direction of an activity at the forum state — the plaintiff must show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citation and quotation marks omitted). "[R]andom, fortuitous, or attenuated contacts" do not suffice. *Burger King Corp. v. Rudzewicz*, 471 U.S.

9

462, 475 (1985). Nor is the mere individualized targeting of a plaintiff sufficient. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("[W]e now hold that while a theory of individualized targeting [at a plaintiff] may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires.").

**B.     Application of Legal Standard**

Plaintiff's Complaint asserts that this court has personal jurisdiction over Defendants "due to Defendants' actions against [Plaintiff], a resident of this district." Compl. ¶ 3, ECF No. 1. But as *Walden* clearly establishes, the mere fact that Plaintiff resides in Hawaii is not sufficient to confer specific personal jurisdiction over Defendants. *See Axiom Foods, Inc.*, 874 F.3d at 1070. Nor does the random, fortuitous fact that Plaintiff relocated to Hawaii suffice to establish the first prong of the Ninth Circuit's test for minimal contacts — purposeful direction of an activity at Hawaii.

*1.     Bowes*

Plaintiff alleges that Rinella and Rinella, an Illinois law firm, continues to attempt to collect fees for work Bowes performed in connection with the underlying divorce proceeding, and therefore argues that Bowes has

purposefully directed activities at Hawaii. *See* Pl.'s Opp'n at 6-8, ECF No. 21; *see also* Haigh Decl. ¶¶ 24-26, ECF No. 23. But Plaintiff does not assert that Bowes *herself* has engaged in or directed any of these collection activities. Nor has Plaintiff alleged that Bowes was even aware of, or would benefit from, these collection activities.

Further, there is no factual basis upon which Plaintiff could allege that Bowes purposefully directed any activity toward Hawaii. Bowes, who worked at Rinella and Rinella until February 28, 2013, states that until Plaintiff filed his Opposition to the instant Motion, she was unaware that "Rinella and Rinella, Ltd. had obtained a judgment against [Plaintiff] . . . for fees incurred by [her] as the child's representative while [she] was an employee" of that firm. Bowes Decl. ¶ 10. Bowes did not participate in obtaining the judgment, will not receive any benefit from the judgment or monies collected under the judgment, and has "not "directed any actions toward Hawaii or [Plaintiff] in Hawaii in any attempt by Rinella and Rinella, Ltd. to collect" fees for her work while employed by that firm. *Id.* ¶¶ 10-11. Bowes further states that she has not (1) hired anyone to collect payment from Plaintiff for fees incurred when she was a solo practitioner, (2) "mailed bills or any other correspondence . . . to [Plaintiff] in Hawaii,"

(3) sen[t] bills to [Plaintiff] by email," or (4) "directed any actions toward Hawaii or [Plaintiff] in Hawaii" in connection with fees incurred while she was a solo practitioner. Bowes Decl. ¶¶ 7, 9.

Plaintiff also contends that because Bowes allegedly committed fraud and deceit while representing Plaintiff's daughter, her continued failure to correct certain misrepresentations constitutes an intentional act causing harm to Plaintiff in Hawaii. This argument is similarly without merit. Even assuming the truth of Plaintiff's allegations, the only connection between Bowes and Hawaii is Plaintiff's residence here. And as set forth above, *Walden* and *Burger King* unambiguously preclude a finding of the requisite "minimum contacts" on this basis. *See Walden*, 134 S. Ct. at 1122; *Burger King Corp.*, 471 U.S. at 475; *Axiom Foods, Inc.*, 874 F.3d at 1071 ("The foreseeability of injury in a forum is not a sufficient benchmark for exercising personal jurisdiction.") (quoting *Burger King Corp.*, 471 U.S. at 474).

Thus, Plaintiff has failed to establish that Bowes has the requisite minimum contacts with Hawaii.

### 2. *Abuelizam and Abuizam*

Plaintiff alleges that the following activities by Abuelizam suffice to establish personal jurisdiction: (1) making general threats to harm Plaintiff; and

(2) serving a subpoena on Dr. Espiritu in Hawaii. Pl.'s Opp'n at 7-10, ECF No. 22; *see also* Haigh Decl. ¶¶ 15-17, ECF No. 23. And Plaintiff argues that personal jurisdiction is established as to both Abuelizam and Abuizam based on their joint actions to prevent Plaintiff from picking up his daughter from school in Illinois for a visit to Hawaii. Pl.'s Opp'n at 11-12, ECF No. 22; *see also* Haigh Decl. ¶¶ 19-23, ECF No. 23. None of these allegations is sufficient.

As to each of these allegations, Plaintiff is again the one and only link between these Defendants and Hawaii. First, Abuelizam's alleged threats are against Plaintiff personally regardless of where he resides and therefore do not have an independent connection to Hawaii. *See Walden*, 134 S. Ct. at 1122; *Burger King Corp.*, 471 U.S. at 475; *Axiom Foods, Inc.*, 874 F.3d at 1071.

Second, Plaintiff does not allege that the subpoena served on Dr. Espiritu was issued pursuant to any legal action initiated by Abuelizam in Hawaii. Rather, the subpoena was issued in connection with legal proceedings outside of Hawaii. Therefore, service of the subpoena in Hawaii created, at best, only an attenuated affiliation between Abuelizam and Hawaii that is insufficient under both *Walden* and *Burger King*. That is, Abuelizam's alleged service of a subpoena on Plaintiff's wife in Hawaii is no more than a fortuitous by-product of Plaintiff's residence in Hawaii. As in *Walden*, Hawaii is "only implicated by the

happenstance of Plaintiff's residence"; if Plaintiff had resided in another state, he "would have experienced this same alleged tortious conduct in [that state], or wherever else [he] might have resided." *Morrill*, 873 F.3d at 1146 (citing and applying *Walden*, 134 S. Ct. at 1125, under analogous circumstances); *see also Burger King Corp.*, 471 U.S. at 475 (determining that such "random, fortuitous, or attenuated contacts" do not suffice to establish the requisite purposeful direction of activity at the forum state).

During the hearing, Plaintiff cited *Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015 (9th Cir. 2017) to support an argument that Abuelizam is subject to personal jurisdiction under agency principles based on her use of Hawaii police officers to serve the subpoena. *Williams* recognized that the Supreme Court has "left open the question of whether an agency relationship might justify the exercise of specific jurisdiction." *Id.* at 1023 (citing *Daimler*, 134 S. Ct. at 759 n.13). But *Williams* did not address under what circumstances an agency relationship might be sufficient to establish specific jurisdiction. Moreover, *Williams* was decided prior to *Morrill*, which rejected specific jurisdiction where the defendants engaged in multiple actions, including the service of subpoenas, in the forum state. Thus, Plaintiff's reliance on *Williams* is not persuasive.

And third, Abuelizam's and Abuizam's actions in Illinois — preventing Plaintiff from picking up Plaintiff's daughter from school in Illinois — fail for the same reason. That is, Abuelizam's and Abuizam's conduct caused Plaintiff to have less time with his daughter in Hawaii only because Plaintiff resides in Hawaii. *See Walden*, 134 S. Ct. at 1122; *Burger King Corp.*, 471 U.S. at 475; *Axiom Foods, Inc.*, 874 F.3d at 1070-71.

In sum, because Plaintiff failed to establish the necessary minimum contacts between Hawaii and Defendants Bowes, Abuelizam, and Abuizam, the Motions to Dismiss for lack of personal jurisdiction are GRANTED.

## C. Attorney's Fees

Abuelizam and Abuizam seek an award of attorney's fees pursuant to HRS § 607-14.5. This statute authorizes the imposition of attorney's fees against a party "upon a specific finding that all or a portion of the party's claim or defense was frivolous . . . and [was] not reasonably supported by the facts and the law[.]" Haw. Rev. Stat. § 607-14.5(a), (b). A claim is "frivolous" if it is "manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." *Lee v. Haw. Pac. Health*, 121 Haw. 235, 246, 216 P.3d 1258, 1269 (Haw. Ct. App. 2009) (quoting *Doe v. Doe*, 118 Haw. 268, 285, 188 P.3d 782, 799 (Haw. Ct. App. 2008)). That is, a claim must not only

15

"be without merit, there must be a showing of bad faith." *Tagupa v. VIPDesk*, 135 Haw. 468, 479, 353 P.3d 1010, 1021 (2015) (citations omitted); *see Lee*, 121 Haw. at 246-47, 216 P.3d at 1269-70 (denying § 607-14.5 sanctions where plaintiff filed lawsuit before exhausting administrative remedies, as required, because, although her legal arguments were without merit, the plaintiff did not act in bad faith).

Here, Abuelizam and Abuizam contend that Plaintiff acted in bad faith by "deliberate[ly] filing . . . a vindictive complaint in a court lacking jurisdiction over Defendants." Mot. at 24-26. Defendants argue that having been trained as an attorney, Plaintiff "must know that a federal court's personal jurisdiction over out-of-state defendants cannot be based on his in-state residency alone." *Id.* at 25 (emphasis omitted). And Defendants point to allegations in the Complaint and Plaintiff's Opposition as evidence of the "nasty, vindictive tenor" of the instant lawsuit. Reply at 17, ECF No. 24.

Although Plaintiff is a trained attorney, and the court finds his arguments for specific jurisdiction to be without merit, the court declines to impose sanctions of attorney's fees at this time. First, the briefing includes allegations of unbecoming behavior by Plaintiff, Abuelizam, and Abuizam. The court is in no position, nor is it necessary, to determine which party, if any, has the moral upper hand. Second, the court is unaware of any legal precedent applying § 607-14.5 to

the improper assertion of personal jurisdiction.  Third, the most relevant Ninth Circuit caselaw interpreting *Walden* was filed fairly recently, and the courts continue to clarify the circumstances under which specific jurisdiction may be found.  In sum, although the question of personal jurisdiction over these Defendants was not close, the court does not find that Plaintiff's unsuccessful arguments were asserted in bad faith.  Thus, the Motion for Attorney's Fees is DENIED.

## V. <u>CONCLUSION</u>

Based on the foregoing, the court GRANTS Defendants' Motions to Dismiss for Lack of Personal Jurisdiction, and DENIES Defendants' Motion for Attorney's Fees Under HRS § 607-14.5.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Haigh v. Abuelizam, et al.*, Civ. No. 17-00582 JMS-KSC, Order (1) Granting Defendants' Motions to Dismiss, and (2) Denying Motion for Attorney's Fees Under HRS § 607-14.5, ECF Nos. 11, 13